## J. M. O'BANNON *et al. v.* THE STATE.

1. BAIL-BOND. — When there is no general or direct definition of an offence, the recognizance should set out the matters and things which constitute the act which the statute proposes to punish. See the opinion *in extenso* for an illustration of the rule.
2. SAME. — Recital in a bail-bond that the principal was charged with " disposing of mortgaged property with intent to defraud," is insufficient to designate any offence against the law.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The opinion discloses the case.

*Halbert & Lee*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The appearance or bail bond upon for feiture of which the judgment final was rendered states that defendant was arrested on a charge of " disposing of mortgaged property with intent to defraud," and no other description is given of the offence. A motion was made in the first instance to quash, and again, after final judgment, in arrest, upon the ground that the bond did not set forth any offence known to the law. The motions were well taken, and should have been sustained.

It is true that the second subdivision of chap. 17 of the Penal Code has reference to the " fraudulent disposition of mortgaged property," but the offence *eo nomine* is not defined. The article of the Code under that head provides how parties shall be punished who have fraudulently disposed of personal property upon which they had given a lien in writing, but it does not define in terms what a fraudulent disposition of mortgaged property is. Penal Code, art. 797.

When there is no definition in general or direct terms of an offence, then the recognizance should set out the matters

and things which constitute the acts which the statute proposes to punish. *Killingsworth* v. *The State*, 7 Texas Ct. App. 28; *Morris* v. *The State*, 4 Texas Ct. App. 554.

Because the offence for which the defendant was held to answer was not set out in the bond, the court erred in overruling the motion to quash and the motion in arrest, for which errors the judgment will be reversed; and because the bail-bond is fatally defective, this prosecution is dismissed.

*Dismissed.*